IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JILLINA MANION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-401L |
| v. | ) | |
| | ) | Hon. Nancy B. Firestone |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ANSWER**

Defendant, the United States of America, in answer to plaintiff's complaint, hereby admits, denies and avers as follows:

The allegation in the first unnumbered paragraph of the complaint states a conclusion of law to which no response is required. Defendant admits that the Tucker Act, 28 U.S.C. § 1491, is the principal statute conferring jurisdiction on this Court.

1. Defendant is without sufficient knowledge as to the truth of the allegations of paragraph 1 and said allegations are therefore denied. Defendant further avers that the allegation that plaintiff owned the property described is a conclusion of law to which no response is required.

2. Defendants admits that the United States Coast Guard caused a housing development to be constructed in Astoria, Oregon on the property described in Exhibit A of the complaint. Defendant avers that Exhibit A is the best evidence of its content.

3. Defendant admits that the Tucker Act, 28 U.S.C. § 1491, is the principal statute conferring jurisdiction on this Court. The remaining allegations of paragraph 3 are plaintiff's theory of the case and conclusions of law to which no response is required. Defendant denies that plaintiff is entitled to the payment of just compensation.

4. Defendant is without knowledge as to the truth of the allegations in paragraph 4 and said allegations are therefore denied.

5. Defendant admits that Alameda Avenue terminated near the top of the westerly slope of the ravine. Defendant is without sufficient knowledge as to the truth of the remaining allegations of paragraph 5 and said allegations are therefore denied.

6. Defendant admits that it caused the building of a housing development for Coast Guard personnel in Astoria, Oregon. Defendants admits that during construction Alameda Avenue was extended from its former terminus. Defendant is without sufficient knowledge as to the truth of the remaining allegations of paragraph 6 and said allegations are therefore denied.

7. Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 7 and said allegations are therefore denied. Defendant avers that the allegation that plaintiffs residence will be "uninhabitable in the near future" calls for speculation and defendant is therefore incapable of a response.

8. To the extent the allegations of the first sentence of paragraph 8 are conclusions of law, no response is required. Defendant denies the remaining allegations of paragraph 8.

9. The allegations of paragraph 9 are conclusions of law to which no response is required. Defendant specifically denies that it "invaded" plaintiff's right to own and enjoy her property.

10. The allegation of paragraph 10 is a conclusion of law to which no response is required. Defendant specifically denies that plaintiff is entitled to just compensation.

11. Paragraph 11 contains plaintiff's request for fees and expenses to which no response is required.

12. Defendant is without knowledge as to the truth of the allegation in paragraph 12

and said allegation is therefore denied.

The final unnumbered paragraph of the complaint contains plaintiff's demand for relief to which no response is required.

All other allegations of the complaint which have not been specifically admitted or otherwise denied are hereby denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claim is barred by the applicable statute of limitations, 28 U.S.C. § 2501.

2. Plaintiff's claim sounds in tort, for which this Court lacks jurisdiction.[1/]

Dated: August 16, 2006.

Respectfully submitted,
SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

s/ Mark T. Romley
Mark T. Romley
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0458
Fax: (202) 305-0274

[1/] Plaintiff has currently pending in the United States District Court for the District of Oregon a complaint, arising from the same operative facts found in plaintiff's complaint in this Court, seeking relief under the Federal Tort Claims Act, 28 U.S.C. § 2671. Manion v. United States, No. 06-739 (filed May 22, 2006).