IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JILLINA MANION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-401L |
| v. | ) | |
| | ) | Hon. Nancy B. Firestone |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Plaintiff Jillina Manion, and Defendant, United States of America, by and through their respective counsel, hereby submit this Joint Preliminary Status Report pursuant to the Rules of the United States Court of Federal Claims, Appendix A ("RCFC").

**A. JURISDICTION**

Assuming that Plaintiff can establish the necessary facts, the parties agree that the Tucker Act, 28 U.S.C. § 1491, confers jurisdiction on this Court to adjudicate a claim of a Fifth Amendment taking.

**B. PARTIES**

The parties do not believe this case should be consolidated with any other case.

**C. BIFURCATION**

Defendant believes that these proceedings should be bifurcated between the liability and damages phases. Plaintiff will reevaluate her position on bifurcation following the close of discovery.

**D. DEFERRAL OF PROCEEDINGS**

The parties do not believe that the proceedings should be deferred.

**E. <u>REMAND OR SUSPENSION</u>**

The parties are not seeking a remand or suspension.

**F. <u>ADDITIONAL PARTIES</u>**

The parties do not anticipate the addition of any other parties to this suit.

**G. <u>MOTIONS</u>**

Defendant anticipates that it will file a motion for summary judgment pursuant to RCFC 56 after the close of discovery. Plaintiff is considering the possibility of filing a motion for summary judgment, or partial summary judgment, and will be in a better position to analyze the feasibility of such motions after completing discovery.

**H. <u>RELEVANT FACTUAL AND LEGAL ISSUES</u>**

**<u>Plaintiff's Statement</u>**

Plaintiff believes the primary issues in this litigation are as follows:

1) Whether the actions of the Defendant constituted a taking of plaintiff's property interests.

2) The amount of damages suffered.

**<u>Defendant's Statement</u>**

Defendant believes the primary issues in this litigation are as follows;

1) Whether Plaintiff's claim sounds in Tort, thereby depriving the Court of jurisdiction over this matter?

2) Whether Plaintiff's claim is barred by the applicable statute of limitations.

3) Whether Defendant's actions amount to a taking of an interest in Plaintiff's properties without compensation, in violation of the Fifth Amendment?

4) If Defendant's actions amount to an unconstitutional taking, what amount of compensation is Plaintiff due?

**I. SETTLEMENT**

The parties have engaged in limited settlement discussions at this time. Settlement discussions would likely be more meaningful following study of Plaintiff's property by experts who are capable of assessing Defendant's degree of responsibility, if any, for Plaintiff's alleged damages.

**J. TRIAL**

Defendant believes that this case can be resolved by dispositive motion. Should the case not be resolved on dispositive motions, the parties anticipate that this case will proceed to trial on those issues that remain. The parties do not request expedited trial scheduling. The parties agree that the trial should be held in Oregon.

**K. ELECTRONIC CASE MANAGEMENT NEEDS**

There are no special issues regarding electronic case management needs.

**L. OTHER**

The parties would like to bring to the Court's attention Plaintiff's lawsuit in the United States District Court for the District of Oregon. That suit, arising out of the same facts found in Plaintiff's Complaint in this Court, was brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Manion v. United States, Case No. 06-739 (D. Or. filed May 22, 2006).

**M. DISCOVERY PLAN**

The parties request nine months for the completion of discovery in this case. The process of discerning the cause of the subsidence that allegedly damaged Plaintiff's property will be

technically complex and require the work of at least three experts. Accordingly, the parties will need sufficient time for the preparation and evaluation of their respective expert reports.

Respectfully submitted by Defendant on behalf of the parties this 10th day of October 2006.

Carl R. Neil, OSB #58065
Glen P. McClendon, OSB #73346
LINDSAY, HART, NEIL & WEIGLER, LLP

s/ Carl. R. Neil by Mark T. Romley
Carl R. Neil
Attorney of Record for Plaintiff
1300 SW Fifth Avenue, Suite 3400
Portland, Oregon 97201-5640
Phone: 503/226-7677
Fax: 503/226-7697
email: cneil@lindsayhart.com

Counsel for Plaintiff

-and-

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

s/ Mark T. Romley
Mark T. Romley
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0458
Fax: (202) 305-0506

Counsel for Defendant.