IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JILLINA MANION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-401L |
| v. | ) | |
| | ) | Hon. Nancy B. Firestone |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**UNOPPOSED MOTION TO REVISE THE DISCOVERY SCHEDULE**

Defendant, United States of America, hereby respectfully moves to revise the discovery schedule in the above referenced matter. The parties request that the period for fact discovery be extended sixty (60) days, or to and including February 8, 2008. The parties also request that the period for expert discovery be extended sixty (60) days, or to and including April 7, 2008.

By an Order dated November 7, 2006, the Court set June 11, 2007 as the closing date for fact discovery in this case. (Docket No. 12). That order also set August 9, 2007, as the closing date for expert discovery. On defendant's unopposed motion, the Court subsequently extended the fact discovery period until September 10, 2007 and the expert discovery period until November 7, 2007. (Docket No. 15). On September 7, 2007, defendant filed another unopposed motion to extend the discovery deadlines. (Docket No. 16). The Court granted this request on September 11, 2007, setting December 10, 2007 as the deadline for fact discovery and February 5, 2007 as the deadline for expert discovery. (Docket No. 17). Due to certain developments in the discovery process the parties respectfully moves for another sixty (60) day extension of the period for fact discovery, or to and including February 8, 2008. Defendant, with the consent of plaintiff, also requests that the period for expert discovery be extended sixty (60) days, or to and

including April 7, 2008. This is the third request for extension of these deadlines.

Pursuant to this Court's Order of November 7, 2006, the parties entered into discovery. At that time, plaintiff was already engaged in discovery in a related tort action which she filed against the United States in the United States District Court for the District of Oregon. Manion v. United States, No. 06-739 (D.Or. filed May 22, 2006), *dismissed* Oct. 18, 2006, *appeal docketed*, No. 06-36075 (9th Cir. Dec. 11, 2006). Since that time, the parties have worked together to complete the discovery requests left outstanding after plaintiff's tort action was dismissed, and have exchanged written discovery and document requests pursuant to the discovery order of this Court. The parties have also conducted several depositions in the past six months. Despite the parties' best efforts, more time is needed for the completion of discovery in this matter.

This case arises from the construction of a United States Coast Guard ("Coast Guard") housing project in Astoria, Oregon, that was completed in or around 1994. Specifically, plaintiff alleges that work done in the first of three phases of the Coast Guard housing project undercut the lateral support to her home, causing subsidence and cracking in plaintiff's home. In 2002, the Coast Guard, pursuant to its normal document retention policy, destroyed the contract and engineering documents that detailed the work done during that first phase of the Coast Guard housing project. After an exhaustive, yet fruitless, search of the Coast Guard's stored files, defendant learned that copies of some first phase documents were still in the possession of the project's lead engineering firm, OTAK. The parties reviewed these documents and, to date, have conducted two depositions based on the OTAK documents.

In addition to the depositions of OTAK employees and the plaintiff, the parties have also conducted the deposition of two Coast Guard employees with knowledge of the facts at issue in

this suit. These depositions took longer than normal to arrange because one of the deponents has retired from the Coast Guard and the other is stationed in San Juan, Puerto Rico. These restraints, paired with the desire to conduct the depositions in Portland, Oregon, made it difficult to arrange the depositions until very near the end of the currently-scheduled discovery period.

Due to the outstanding factual discovery and the significant back trouble that defendant's expert has been experiencing since August, 2007, Defendant also requests a sixty (60) day extension, or to and including April 7, 2008, for the completion of expert discovery in this case. Plaintiff has indicated that she does not object to this request.

**WHEREFORE**, for the reasons stated above, the parties respectfully request that the deadline for completion of fact discovery be extended sixty (60) days, or to and including February 8, 2008. Defendant also requests, with the consent of plaintiff, that the deadline for completion of expert discovery be extended sixty (60) days, or to and including April 7, 2008.

Dated: December 6, 2007.

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division

s/ Mark T. Romley

Mark T. Romley
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0458
Fax: (202) 305-0506